# United States District Court
## for the Northern District of Oklahoma

Case No. 25-cr-140-JDR-7

UNITED STATES OF AMERICA,

*Plaintiff*,

versus

ESVIN ALEXANDER RODRIGUEZ LUIS,

*Defendant*.

## OPINION AND ORDER

Defendant Esvin Alexander Rodriguez Luis and seven others are charged with conspiracy to bring, transport, and harbor aliens in the United States illegally for private financial gain in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(i), (ii), (iii), and (a)(1)(B)(i). Dkt. 2. Mr. Luis moves to dismiss the indictment based on alleged insufficiencies. Dkt. 57. The motion is denied.

Mr. Luis argues that "continued prosecution against him would violate the Constitution and laws of the United States" because the Government "has not provided sufficient allegations to support that Mr. Luis engaged in any conspiracy to commit any of the acts set forth in (A)(i), (A)(ii), or (A)(iii)." Dkt. 57 at 1, 4. He asserts that the Government has failed to allege that Mr. Luis "agreed with anyone to violate the law," "knew the essential objective of any conspiracy," "knowingly and voluntarily participated in any conspiracy," or "intended to act with any co-conspirator for any shared mutual benefit within the scope of the conspiracy charges." *Id.* at 4-5. The twenty-page indictment alleges that the conspiracy, led by Defendant Cidia

No. 25-cr-140

Lopez, "has been operating for at least four years and specializes in bringing aliens from" various countries and "specializes in the transportation and movement of those aliens illegally within the United States, and the harboring of those aliens illegally within the United States." Dkt. 2 at 2. Alleged members of the conspiracy "knowingly conspired and agreed with each other to" bring aliens to the United States and, once here, to transport, move, conceal, harbor, and shield them from detection. *Id.* at 5-6.

Although the charged conduct spans a four-year period, the specific allegations concerning Mr. Luis's conduct occurred on March 4, 2025. *Id.* at 8, 15. The indictment states that on that day, Defendant Obdulio Argueta arranged with another individual "to bring an alien illegally across the Mexico-United States border and transport the alien to Tulsa in exchange for a $5,000 down payment." *Id.* at 15. Mr. Argueta, Mr. Luis, and Defendant Garcia Argueta then collected the $5,000 down payment in Tulsa and transported the money to Oklahoma City where Mr. Argueta deposited the proceeds into a bank account. *Id.*

It is generally sufficient for an indictment to set forth the offense in the words of the statute itself as long as "'those words of themselves fully, directly and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)). Failure to allege the statutory elements will not be fatal provided that alternative language is used or that the essential elements are charged in the indictment by necessary implication. *United States v. Brown*, 995 F.2d 1493, 1505 (10th Cir. 1993) (in post-verdict challenge to indictment, sufficiency will be found when "words of similar import" to element in question exist).

The indictment should be read as a whole and interpreted in a common-sense manner; it is contrary to the spirit of Rule 7, and the Rules

2

No. 25-cr-140

generally, to take counts of an indictment out of context and ignore their plain meaning. *See United States v. Givens*, 767 F.2d 574, 584 (9th Cir. 1985). The standard for determining the sufficiency of an indictment is based upon practical, not technical considerations. The test involves "minimal constitutional standards, not whether a better indictment could have been written." *McKay v. Collins*, 12 F.3d 66, 69 (5th Cir. 1994) (citation omitted). "The essential elements of the offense, including knowledge or intent, must be included in the indictment but need not be expressed in any specific terms." *Id.* (citing *United States v. Arteaga-Limones*, 529 F.2d 1183 (5th Cir. 1976)). "An indictment should be found sufficient unless no reasonable construction of the indictment would charge the offense for which the defendant has been convicted." *Id.* (citing *United States v. Salinas*, 956 F.2d 80 (5th Cir. 1992)).

Along with Mr. Luis's general sufficiency argument, he also argues that the indictment does not adequately allege interdependence among the conspirators. "The Tenth Circuit is unique, at least among federal jurisdictions, in requiring the inclusion of 'interdependence' between or among conspirators as an essential element of conspiracies charged under 18 U.S.C. § 371 and 21 U.S.C. § 846." Criminal Pattern Jury Instruction, § 2.19 cmt., at 98 (2025). Interdependence is likely required to prove a conspiracy alleged under 8 U.S.C. § 1324 as well. *See, e.g., United States v. Matousek*, 131 F. App'x 641, 644 (10th Cir. 2005). The Government may prove interdependence by showing "that [the conspirators] intended to act together for their shared mutual benefit within the scope of the conspiracy charged." *United States v. Evans*, 970 F.2d 663, 671 (10th Cir. 1992).

Proving interdependence and alleging interdependence are two different matters. "Interdependence exists where coconspirators 'inten[d] to act together for their shared mutual benefit within the scope of the conspiracy charged.'" *United States v. Caldwell*, 589 F.3d 1323, 1329 (10th Cir. 2009) (quoting *Evans*, 970 F.2d at 671). An indictment must contain the elements of the offense, but "those elements 'need not be charged with the same

No. 25-cr-140

degree of specificity as would ordinarily be required in a prosecution based on the underlying offense.'" *United States v. Wells*, 873 F.3d 1241, 1255 (10th Cir. 2017) (quoting *United States v. Bedford*, 536 F.3d 1148, 1156 (10th Cir. 2008)). In *Wells*, the Tenth Circuit dealt squarely with the sufficiency of a charging document's allegations of interdependence. *Id.* "With regard to interdependence, so long as the charging document 'describe[s] the interdependent behavior of the coconspirators,' it is sufficient." *Id.* (quoting *Bedford*, 536 F.3d at 1157).

The indictment cites the statutory language of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(i), (ii), (iii), and (a)(1)(B)(i). Thus, the indictment adequately informs Mr. Luis of the allegations against him, including interdependence. The indictment provides notice to Mr. Luis that he, along with the co-defendants "knowingly conspired and agreed with each other to" bring aliens to the United States and, once here, to transport, move, conceal, harbor, and shield them from detection. Dkt. 2 at 5-6. By agreeing to act together to bring aliens to the United States, the defendants were "act[ing] *together* for their shared mutual benefit within the scope of the conspiracy charged," and are, therefore, alleged to have acted interdependently. *Evans*, 970 F.2d at 671 (interdependence exists where coconspirators "inten[d] to act *together* for their *shared mutual benefit* within the scope of the conspiracy charged." (emphasis in original)).

The Court has not found any Tenth Circuit authority requiring specific language to allege interdependence. As noted above, the interdependence element is implicit in the conspiracy statutes. *See id.* It therefore follows that alleging the statutory language implying interdependence should also be sufficient to inform the defendant of the charge. The Court finds that the indictment sufficiently alleges that the conspirators acted interdependently. Mr. Luis's motion to dismiss the indictment [Dkt. 57] is denied.

4

No. 25-cr-140

DATED this 23d day of May 2025.

_____
JOHN D. RUSSELL
*United States District Judge*