# United States District Court
## for the Northern District of Oklahoma

Case No. 25-cr-140-JDR-7

UNITED STATES OF AMERICA,

*Plaintiff,*

versus

ESVIN ALEXANDER RODRIGUEZ LUIS,

*Defendant.*

## OPINION AND ORDER

Defendant Esvin Alexander Rodriguez Luis and seven others are charged with conspiracy to bring, transport, and harbor aliens in the United States illegally for private financial gain in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(i), (ii), (iii), and (a)(1)(B)(i). Dkt. 2. Mr. Luis moves to sever his trial from that of his co-defendants and suggests that the Court break this case into several trials with groups of defendants. Dkt. 119 at 1. Mr. Luis argues that a "magatrial" [*id.* at 1] will be unfairly prejudicial to him. But Mr. Luis does not overcome the presumption of joinder in conspiracy cases, and multiple trials in which the Government will be required to establish the same conspiracy is not economical or efficient. The Court intends to manage this case efficiently to provide all parties with appropriate due process and to avoid prejudice to any party. The Court denies the motion.

At the initial scheduling conference for this case [Dkt. 118], the Government stated an intent to move to declare the case complex under 18 U.S.C. § 3161(h)(7)(A). Mr. Luis argues that his speedy trial rights will be adversely affected by a declaration that this case is complex and by a lengthy scheduling

No. 25-cr-140

order. Dkt. 119 at 4. Although Mr. Luis concedes that he may need more than the 70 days allowed by the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), he argues that a protracted schedule to accommodate the preparation needs of his co-defendants will unfairly prejudice him. Dkt. 119 at 4. There are two separate issues raised here: Mr. Luis's rights to a speedy trial[1] and his request to be tried with fewer than all defendants. Mr. Luis's purpose for raising these issues is to reduce the time necessary to bring his case to a resolution and, in particular, to conclude his case sooner than the time it will take to conclude this case for all defendants.

Mr. Luis's counsel argued at the initial scheduling conference that her time to prepare for trial for Mr. Luis will take much less time than what she expected of counsel representing co-conspirators who are alleged to have greater involvement. And Mr. Luis's primary argument that he is prejudiced by a joint trial is the delay in the schedule to permit the codefendants to prepare for trial. Mr. Luis's counsel acknowledges, however, that the Speedy Trial Act provides for a reasonable period of delay in the 70-day requirement in section 3161(h)(6) "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." And if the case is designated as complex "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," additional delay is appropriate. 18 U.S.C. § 3161(h)(7)(A).

As for the severance issue, Rule 14 of the Federal Rules of Criminal Procedure gives the Court discretion to sever the defendants' trials if joinder is unfairly prejudicial, but the Tenth Circuit has expressed a preference to jointly try defendants who are indicted together. *United States v. Yurek*, 925 F.3d 423, 436 (10th Cir. 2019) (citing *Zafiro v. United States*, 506 U.S. 534, 537

---

[1] In its response to Mr. Luis's motion, the Government stated that it would "address the speedy trial portion of Rodriguez Luis's motion in a separate response." Dkt. 122 at 1 n.1. As of the filing of this Order, the Government has not done so.

(1993)). And for conspiracy cases, the Tenth Circuit has recognized a strong presumption that coconspirators be tried together. *United States v. Pursley*, 577 F.3d 1204, 1215 (10th Cir. 2009) (citation omitted). Facing these procedural headwinds, Mr. Luis carries a heavy burden to demonstrate real prejudice. *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir. 1984) (quoting *United States v. Petersen*, 611 F.2d 1313, 1331 (10th Cir. 1979)). And this he does not do.

Mr. Luis claims to be unfairly prejudiced because a joint trial with all defendants will occur much later than a single trial with him as the only defendant because the voluminous discovery will cause other defendants to need more time to prepare for trial. Dkt. 119 at 6-7. Mr. Luis acknowledges that, for his part, the issue at trial will be whether he was a part of the conspiracy, not whether a conspiracy existed as to the other defendants. *Id.* at 7. To prove, however, that Mr. Luis was a part of the conspiracy requires proof of the conspiracy, including that part to which Mr. Luis allegedly participated. Mr. Luis's motion doesn't offer a solution to proving only his alleged involvement without having to establish the existence and scope of the entire conspiracy.

And this is where Mr. Luis asserts another facet of his prejudice argument. He asserts that the jury will hear evidence about the conspiracy involving coconspirators with which he had no involvement, including overt acts that extend back to May 2022, nearly three years before any overt act involving Mr. Luis. *Id.* at 7-8. He also argues that a trial with all defendants will last weeks, and the amount of evidence will be overwhelming to a jury. *Id.* at 8-9. Although Mr. Luis argues he will be prejudiced in a joint trial with his alleged co-conspirators, the Court is not convinced. Mr. Luis will have an opportunity to distinguish himself from other alleged coconspirators by comparing his alleged conduct to that of others. The concerns presented by Mr. Luis are no different from the concerns of any defendant tried with his fellow coconspirators.

No. 25-cr-140

In the end, Mr. Luis has not overcome the presumption of joint trials for conspiracy cases. In weighing the prejudice to Mr. Luis caused by joinder against the judicial economy and expedition in judicial administration for a joint trial, *United States v. Dirden*, 38 F.3d 1131, 1137-39 (10th Cir. 1994), the Court finds that there is little risk that a joint trial will compromise a specific trial right of Mr. Luis or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro*, 506 U.S. at 539. To be sure, the Court intends to manage the schedule in this case to ensure that it moves forward with dispatch but in a manner that permits counsel to prepare for trial. Thus, Mr. Luis's motion to sever [Dkt. 119] is denied.

DATED this 12th day of June 2025.

JOHN D. RUSSELL
*United States District Judge*